IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)


DAVID YUNT                                                              PLAINTIFF

1824 Pine Ridge Road

LaGrange, Kentucky 40031


                                              Case No. _3-16-cv-316-DJH_____

v.

                                              Judge_____


AMERICAN HONDA FINANCE CORP.                                          DEFENDANTS

20800 Madrona Avenue

Torrance, California 90503


          SERVE:        CT Corporation System
                        306 W. Main Street, Suite 512
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)


AND

EQUIFAX INFORMATION SERVICES, LLC

1550 Peachtree Street, N.W.

Atlanta, Georgia 30309


          SERVE:        CSC-Lawyers Incorporating Service Co.
                        421 W. Main Street
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.

475 Anton Boulevard

Costa Mesa, California 92626


          SERVE:        CT Corporation System
                        306 W. Main Street, Suite 512
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, David Yunt, by counsel, and for his Verified Complaint against the Defendants, American Honda Finance Corp. ("Honda"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of Honda's false reporting to Equifax and Experian of an alleged delinquent debt of the Plaintiff, and Honda's, Equifax's and Experian's failure to investigate Plaintiff's dispute of the Honda tradeline and their failure to correct Honda's false reporting on Plaintiff's Equifax and Experian credit reports.

## II. PARTIES

2.      Plaintiff, David Yunt, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1824 Pine Ridge Road, LaGrange, Kentucky 40031.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Honda, is a California corporation doing business in the Commonwealth of Kentucky with its principal place of business at 20800 Madrona Avenue, Torrance, California 90503.

5.      Honda is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.      Defendant, Equifax, is a limited liability company organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

2

7.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10.    Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.    Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

12.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Oldham County, Kentucky as a result of the Defendants' doing business in Oldham County, Kentucky.

### IV.  FACTUAL BACKGROUND

13.    In February 2014, Plaintiff and his then-spouse, Melissa F. Yunt, purchased a 2014 Honda Civic from Sam Swope Honda.  The Yunts' purchase was financed through Defendant, Honda.

14.    Plaintiff and Melissa F. Yunt were divorced in September 2014.  In October 2014, Melissa F. Yunt was awarded possession of the Honda Civic as part of the divorce settlement. Ms.

3

Yunt immediately defaulted on the loan whereupon Plaintiff took possession of the Honda Civic and paid the arrearage on the loan.

15.     Subsequent to Plaintiff paying the arrearage on the loan, Plaintiff, due in large part to his incurring significant medical expenses, was unable to keep up with the loan payments and the car was repossessed and sold at auction.  According to Honda, Plaintiff incurred an alleged deficiency balance in excess of $14,000 subsequent to the re-sale of the Honda Civic.

16.     On October 27, 2015, Plaintiff, based on Honda's agreement with Plaintiff to settle the account for $4,000.00, settled the Honda account by paying $4,000.00 to Honda in payment of the alleged deficiency.  In correspondence to Plaintiff dated October 19, 2015, Honda agreed that, upon receipt of $4,000.00 from Plaintiff, Honda would notify the credit bureaus that the account had been settled in full.  Plaintiff confirmed the settlement with Honda in correspondence to Honda dated November 1, 2015.

17.     In March 2016, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Equifax, Experian and Trans Union credit reports and discovered a derogatory entry furnished by Honda showing the Honda account with an alleged past due deficiency balance of $9.909.00.

18.     Plaintiff immediately filed disputes with Equifax, Experian, and Trans Union upon his discovery of Honda's derogatory tradeline.

19.     Upon information and belief, Equifax, Experian, and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Honda of Plaintiff's disputes at or within five (5) days of Equifax's, Experian's and Trans Union's receiving notice of the disputes from Plaintiff.

20.     In April 2016, Trans Union deleted the Honda tradeline from Plaintiff's Trans Union

credit report.

21.     Also in April 2016, Honda, Equifax and Experian verified the alleged Honda past due deficiency account.

22.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Honda, Equifax, and Experian failed to investigate Plaintiff's disputes and failed to remove and/or amend the disputed item.  Honda, Equifax, and Experian failed to investigate Plaintiff's disputes, did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove and/or amend the disputed item within a reasonable time following Honda's, Equifax's and Experian's receipt of Plaintiff's disputes.

23.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged Honda deficiency account.

## V.  CLAIMS

### Negligence – Honda

24.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25.     Honda's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Experian and Trans Union regarding the alleged deficiency account was negligent under applicable law.  In falsely reporting the alleged deficiency account, Honda breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

26.     Honda's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Experian and Trans Union regarding the alleged deficiency account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a

substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Honda's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Experian and Trans Union regarding the alleged deficiency account were willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Equifax

27.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.     Equifax's failure to investigate Plaintiff's disputes and to remove or amend Honda's false report of Plaintiff's alleged Honda deficiency account from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent.  In failing to investigate Plaintiff's disputes and in failing to remove or amend the alleged deficiency account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

29.     Equifax's negligent failure to investigate Plaintiff's disputes and to remove or amend Honda's alleged deficiency account from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

30.     Equifax's failure to investigate Plaintiff's disputes and to remove or amend Honda's alleged deficiency account, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Experian

31.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1

through 30 as if fully set forth herein.

32.     Experian's failure to investigate Plaintiff's disputes and to remove or amend Honda's false report of Plaintiff's alleged deficiency account from Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent.  In failing to investigate Plaintiff's disputes and in failing to remove or amend Honda's false report of Plaintiff's alleged deficiency account, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

33.     Experian's negligent failure to investigate Plaintiff's disputes and to remove or amend Honda's false report of Plaintiff's alleged deficiency account has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

34.     Experian's failure to investigate Plaintiff's disputes and to remove or amend Honda's false report of Plaintiff's alleged deficiency account, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Honda

35.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.     Honda, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Experian, and Trans Union, and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has a deficiency account with Honda in the amount of $9,909.00.  Honda's

statements were false and were made with conscious disregard for the rights of the Plaintiff.

37.    Honda's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged deficiency account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

38.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39.    Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Honda and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a deficiency account with Honda in the amount of $9,909.00.  Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

40.    Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged deficiency account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

41.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42.    Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Honda and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a deficiency account balance with Honda in the amount of $9,909.00.  Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

43.    Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged deficiency account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Honda

44.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45.    Honda's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged deficiency account is a violation of Honda's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

46.    Honda's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Honda is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

47.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.    Equifax's failure to investigate Plaintiff's disputes and to remove or amend the disputed Honda account despite Equifax's knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

49.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove or amend the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of

Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

50.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

51.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     Experian's failure to investigate Plaintiff's disputes and to remove or amend the disputed Honda account despite Experian's knowledge of the falsity of the disputed item are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

53.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

54.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Honda

55.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56.    Honda's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due Honda deficiency account, despite Honda's knowledge of the falsity of its reporting, are willful violations of Honda's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

57.    Given Honda's knowledge of the falsity of its reporting, Honda's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Honda is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

58.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59.    Equifax's failure to investigate Plaintiff's disputes and its failure remove or amend the Honda account despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

61.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

62.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63.     Experian's failure to investigate Plaintiff's disputes and its failure to remove or amend the Honda account despite Experian's knowledge of the falsity of the disputed item are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

65.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, David Yunt, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger

12

HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(Tel) 502.443.1060
(Fax) 502.589.3004
hemmingerlawoffice@gmail.com

## <u>VERIFICATION</u>

I, David Yunt, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____

David Yunt

COMMONWEALTH OF KENTUCKY    )
                                    ) SS
COUNTY OF OLDHAM                   )

Subscribed, sworn to and acknowledged before me by David Yunt this ____ day of _____, 2015.

_____

Notary Public

Commission expires:_____